MATTER OF SS. *YARMOUTH*

In FINE Proceedings

MIA-10/61.210

*Decided by Board June 6, 1960*

Fine—Section 273(d) of 1952 act—Not imposed where only evidence of stowaway's presence on particular vessel is own statement.

Violation of section 273(d) not established where sole evidence that alien arrived aboard named vessel was his own statement which was contradicted by affidavits of vessel's master and crew members and which was otherwise questionable because of alien's lengthy criminal record.

BASIS FOR FINE: Act of 1952—Section 273(d) [8 U.S.C. 1323].

**BEFORE THE BOARD**

**Discussion:** This appeal is directed to an administrative penalty of $1,000 which the District Director at Miami, Florida, has ordered imposed on the Eastern Shipping Company, owners and/or agents of the above-named vessel which arrived at the port of Miami, Florida, from foreign on August 14, 1959, for failure to detain the alien stowaway G——M—— aboard the vessel until he was inspected by an immigration officer. The appeal will be sustained and the fine remitted.

The alien stowaway involved, in an affidavit executed before a Service officer after he was arrested ashore at Miami, has stated that he arrived in the United States at that port aboard this vessel, as above. He has claimed that he came here to visit his wife, a United States citizen whom the British government had deported from Nassau about six weeks previously, having received word that she was ill. He has alleged that he attempted to obtain proper documents to enter this country legally but was unable to do so because of a lengthy criminal record, including about 39 convictions of charges ranging from drinking to assault and 10 months' imprisonment. He has asserted that he hid aboard this vessel at Nassau about 4:00 p.m. on August 13, 1959; that he had no trouble getting aboard as he dives for coins for tourists at Nassau; and that coin divers are given the freedom of the ship there. He has averred that, after visiting his wife briefly, he tried to return aboard this vessel to go back to Nassau; that a watchman would

675

not permit him to board it; that he then told the captain he had stowed away on the trip over; that when he could not produce his passport the captain told him to get off the dock and stay off; and that he then turned himself in to the Service.

The appellant has submitted an affidavit by the vessel's master that it is his practice to have two guards posted in appropriate positions near the ship to keep unauthorized persons from coming aboard while it is in foreign ports; that he did so at Nassau, where this stowaway claimed he boarded the vessel; that "coin divers" are not permitted to board his vessel, contrary to the statement made by the stowaway; and that he did not talk to the stowaway at Miami, as claimed by the latter, but that the port captain there related a similar incident to him around that date. The appellant has also submitted affidavits by officers and members of the crew of this vessel, some of whom are personally acquainted with the stowaway, that they did not see him aboard at any time here involved; that they did not see any stowaways aboard on the trip to the United States here in question; and that they did not hear anybody mention that there was a stowaway aboard.

Liability to fine here is predicated solely on the stowaway's statement, which is not persuasive evidence that he did arrive in the United States as such aboard this vessel. It has been contradicted by affidavits submitted in support of the appeal, as well as being questionable in view of the stowaway's admitted lengthy criminal record. The Service made no effort to substantiate it by inspection of the boat and by interrogating him as to its description, to be followed by an actual description of the boat.

Briefly, in circumstances such as those outlined above, the burden is on the Service to establish the violation. This it has not done. Accordingly, we will sustain the appeal.

**Order:** It is ordered that the appeal be sustained and that fine be not imposed.